UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LEVONNE ANTONIO ANDERSON,** | ) |
| | ) |
| Plaintiff, | ) Case: 4:22-cv-01022 |
| | ) |
| v. | ) |
| | ) |
| **US POLYMERS-ACCUREZ, LLC,** | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, LeVonne Antonio Anderson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against US Polymers-Accurez, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's failure to provide reasonable accommodations as required under the ADA, and also terminating Plaintiff's employment based on his disability and in retaliation for him attempting to assert his rights under the ADA when Plaintiff requested reasonable accommodations on the basis of his disability.

2. This lawsuit also arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendants race discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

1

4. Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

6. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

7. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

8. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

9. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.,* have occurred or been complied with.

10. A charge of employment discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit A).

11. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit B), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

12. At all times material to the allegations of this Complaint, Plaintiff, LeVonne Antonio Anderson, resides in St. Clair County in the State of Illinois.

13. At all times material to the allegations in this Complaint, Defendant, US Polymers-Accurez, LLC, is a Limited Liability Company doing business in and for St. Louis City County whose address is 300 East Primm Street, St. Louis, Missouri, 63111.

14. At all times relevant, Plaintiff worked for Defendant at Defendant's location at 300 East Primm Street, St. Louis, Missouri, 63111.

## BACKGROUND FACTS

15. Plaintiff identifies as an African-American, and a person with a physical impairment that substantially limits major life activities.

16. Plaintiff was hired at US Polymers-Accurez, LLC, as a filter man in or around August 21, 2021, until he was unlawfully terminated on February 28, 2022 on the basis of his race (African-American), and his disability or perceived disability.

17. In or around November 25, 2021, Plaintiff was told that he had change his shift and start working daylight shifts after his Caucasian coworker refused to change shifts.

18. Plaintiff informed his Caucasian supervisor, Bob, that he was unable to work daylight shifts because he had to get knee injections, requesting a reasonable accommodation.

19. Plaintiff called Caucasian Human Resources ("HR") Representative, Mark, to discuss the schedule, but Mark started yelling at Plaintiff and said "you people can never just say yes and do things, it's always a problem!"  When Plaintiff asked Mark what he meant by "you people", Mark replied, "you know what I mean."

20. After Plaintiff's request for reasonable accommodation was denied, he began working on daylight shift on or around November 26, 2021.

21. On or around November 28, 2021, Plaintiff complained to the president of the company that he believed that the shift change was unfair and discriminatory because his Caucasian coworker had the option to refuse, but he did not, even though the schedule change interfered with his appointments to get injections for his knee. The president responded that there was nothing he could do about it.

22. On or around November 29, 2021, Plaintiff informed his supervisor, Bob, that he did not feel well. Supervisor Bob told Plaintiff to go get a COVID-19 test and that Plaintiff would be terminated if he did not get tested.

23. However, Plaintiff's Caucasian co-worker, Chris, was also sick but he refused to get a COVID-19 test and he continued to work without having to get tested.

24. On or about December 7, 2021, Plaintiff found out that Caucasian employees were all paid to be off from work for two (2) weeks for COVID-19, while Plaintiff was only allowed one (1) paid week off when he had COVID-19.

25. On or about February 2, 2022, Plaintiff was forced to work while all of the Caucasian employees were on break and did not work their shifts. Plaintiff asked his Caucasian supervisor, DJ, when someone would help him with the workload, but DJ told Plaintiff to "stop complaining and just do the work", and said "just do your work and everything will be fine."

26. Plaintiff was upset that he was constantly working alone and doing other employees' duties while his Caucasian coworkers lounged around so he asked to speak with Jeremy, the Caucasian coworker that trained him. However, Supervisor DJ told Plaintiff that Jeremy was in his car and to leave Jeremy alone.

27. On or around February 7, 2022, Plaintiff was told to shovel snow with Supervisor DJ. While they were shoveling snow, Plaintiff had strained his hand and DJ slipped and hurt his back. Supervisor Bob told Plaintiff to go to Urgent Care to get a drug test. This did not make sense to

4

Plaintiff because Supervisor DJ was injured and needed medical attention, but instead, they cut Plaintiff's day short and sent him to Urgent Care to get a random drug screening.

28. On or about February 22, 2022, Plaintiff was told to start going into work 15 minutes earlier than the other employees. None of the Caucasian employees were asked to do this. Plaintiff complained to HR Representative Mark that he did not feel that was fair. Mark was upset that Plaintiff made a complaint about how he was the only one that had to come into work early and told Plaintiff, "you people don't ever learn, why can't you just do what I say."

29. Since Plaintiff made his complaint of unfair treatment and discrimination after starting to work on dayshift, he was constantly segregated and treated less favorably than his similarly situated Caucasian coworkers.

30. Plaintiff was terminated in pretext fashion on or about February 28, 2022 when he was unable to come into work because his car would not start. However, Caucasian employees were always given more chances before they were ever terminated but Plaintiff was not.

31. Defendant's reason for Plaintiff's termination was pre-text for race and disability discrimination and in retaliation for engaging in protected activity under Title VII and ADA.

32. Defendant also failed to accommodate Plaintiff by not engaging in the interactive process to determine the appropriate circumstances under the circumstances.

**COUNT I**
**Failure to Accommodate in Violation of the**
**Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101** *et seq.*

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

35. Plaintiff is a qualified individual with a disability.

36. Defendant was aware of the disability and the need for accommodations.

5

37. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

38. Plaintiff's reasonable accommodations that were requested were not an undue burden on the Defendant.

39. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to his disability.

40. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Disability Discrimination in Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

41. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

43. Defendant terminated Plaintiff's employment on the basis of his disability.

44. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

45. Plaintiff is a member of a protected class under the ADA, due to his disability.

46. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Retaliation in Violation of the**
**Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101,** *et seq.*

48. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

49. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

50. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

51. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

52. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination.

53. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

54. In response to Plaintiff's request for reasonable accommodations, Defendant harassed Plaintiff and subjected him to unreasonable terms and conditions of being accommodated

under the ADA.

55. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

57. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT IV
### Race-Based Discrimination in Violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981

58. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

59. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

60. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

61. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

62. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT V
## Race-Based Discrimination in Violation of
## Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

64. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

65. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

66. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

67. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT VI
## Retaliation in Violation of
## Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

68. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

69. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

70. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

71. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough

and objective investigation of Plaintiff's complaint of race discrimination.

72. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

73. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

74. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

75. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

 Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of September, 2022.

                /s/ *Nathan C. Volheim*
                **NATHAN C. VOLHEIM, ESQ.**
                SULAIMAN LAW GROUP LTD.
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois 60148
                Phone (630) 568-3056
                Fax (630) 575 - 8188
                nvolheim@sulaimanlaw.com
                *Attorney for Plaintiff*