UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVONNE ANTONIO ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.    4:22-cv-01022-MTS |
| vs. | ) |
| | ) |
| US POLYMERS-ACCUREZ, LLC, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DECLARATION OFFERED IN CONNECTION WITH HIS OPPOSITION TO DEFENDNT'S MOTION TO DISMISS</u>**

COME NOW Defendant US Polymers-Accurez, LLC, by and through its undersigned counsel, and for its Motion to Strike Plaintiff's Declaration [Doc. 22-1] that he offered in connection with his opposition to Defendant's Motion to Dismiss [Doc. 17] his First Amended Complaint, states as follows:

In support of his opposition to Defendant's Motion to Dismiss his First Amended Complaint [Doc. 10], Plaintiff submitted a Declaration that attested to items that were not alleged anywhere in the First Amended Complaint.

Specifically, Plaintiff's Declaration references the following matters that simply to not appear in the First Amended Complaint:

- That the night shift was from 3:00 p.m. to 3:00 a.m. [Doc. 22-1 at ¶ 2, 8];

- That he was paid a shift differential of $2.00/hour more when he worked the night shift [Doc. 22-1 at ¶ 3, 8];

- That he was held to higher standards due to his race [Doc. 22-1 at ¶ 9]; and

- That although he made mistakes, he was ridiculed for the smallest of mistakes but his Caucasian co-workers were not ridiculed for making similar mistakes [Doc. 22-1 at ¶ 10].

1

Notably, the pending Motion arises in the context of a Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In that procedural context, it is well-established that the Court cannot consider any extrinsic evidence submitted by a plaintiff in resolving the defendant's motion to dismiss. *Lacy v. Valmont Industries, Inc.*, 2016 WL 3014656 at * 3 (D. Neb. 2016). Thus, the *Lacy* court granted the defendant's request to strike the extrinsic evidence that plaintiff offered in opposition to the defendant's motion to dismiss. *Id*. See also *Haworth v. Midland Credit Management, Inc.*, 2019 WL 7161230 at * 3, fn.2 (D. Neb. 2019)("When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings . . .")(noting that a district court does not convert a motion to dismiss into a motion for summary judgment when it strikes or otherwise does not rely on matters outside the pleadings when ruling on the motion).

Accordingly, the Court should strike Plaintiff's Declaration and refrain from relying on anything contained therein when ruling on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREFORE, Defendant US Polymers-Accurez, LLC respectfully requests the Court to grant its Motion to Strike Plaintiff's Declaration [Doc. 22-1] that he offered in connection with his opposition to Defendant's Motion to Dismiss [Doc. 17] his First Amended Complaint in its entirety, to strike Plaintiff's Declaration and refrain from relying on anything contained therein when ruling on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and for such other and further relief that the Court deems just and appropriate.

        MCCARTHY, LEONARD & KAEMMERER, L.C.

By:   /s/ Brian E. McGovern
       Brian E. McGovern #MO34677
       bmcgovern@mlklaw.com
       Bryan M. Kaemmerer #MO52988
       bkaemmerer@mlklaw.com
       825 Maryville Centre Drive, Suite 300
       Town and Country, Missouri  63017
       Telephone: (314) 392-5200
       Facsimile: (314) 392-5221

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent this 21st day of November, 2022 to all parties of record through the courts electronic filing system.

        /s/ Brian E. McGovern