# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LEVONNE ANTONIO ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-1022-MTS |
| | ) | |
| US POLYMERS-ACCUREZ, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss, Doc. [17], Plaintiff's Amended Complaint, Doc. [16], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court denies Defendant's Motion.

**I.  BACKGROUND**[1]

Plaintiff Levonne Antonio Anderson is an African American who worked for Defendant US Polymers-Accurez, LLC. This action arises from allegations that Plaintiff suffered workplace racial discrimination and retaliation that ultimately ended in termination of his employment. Based on those events, Plaintiff filed a three-count action against Defendant asserting claims for racial discrimination, racial harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Section 1981, 42 U.S.C. § 1981. Doc. [16]. In the instant Motion, Defendant seeks to dismiss the entire action against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. [17].

---

[1] The Court draws facts from Plaintiff's allegations in the Complaint, Doc. [16]. In so doing, the Court must liberally construe the complaint in favor of Plaintiff and must grant all reasonable inferences in his favor. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

1

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570  (2007).  A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  When considering a Rule 12(b)(6) motion, the Court assumes all factual allegations in the complaint to be true and makes all reasonable inferences in favor of the nonmoving party.  *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).  However, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## III.  DISCUSSION

Defendant first argues the Complaint contains no factual allegations that involve an adverse employment action, as is required for race discrimination and retaliation claims. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (discussing the element of "adverse employment action" on claims for race discrimination and retaliation under Title VII). Upon review of the Complaint, the Court does not agree, especially as Plaintiff alleged his employment was terminated and that he missed wages due to Defendant's forced sick leave for

2

COVID-19. *Wagner v. Campbell*, 779 F.3d 761, 766 (8th Cir. 2015) (termination is an adverse employment action); *Jackman*, 728 F.3d at 805 (forced leave, paid or unpaid, may constitute an adverse employment action); *Donnelly v. St. John's Mercy Med. Ctr.*, 635 F. Supp. 2d 970, 994 (E.D. Mo. 2009) (loss in pay constitutes an adverse employment action).

Defendant also argues specific factual allegations do not, as a matter of law, amount to adverse employment actions. But Defendant misunderstands the Court's role at this stage in litigation. The "question for" the Court "to address at this preliminary stage is not whether" Plaintiff "might at some later stage be able to prove" his claims—"the question is whether he has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012). This is why a "plaintiff need not plead facts establishing a prima facie[2] case of discrimination under *McDonnell Douglas* in order to defeat a motion to dismiss."[3] *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510–11 (2002)). Instead, the Court must assess whether the Complaint shows Plaintiff may be "entitled to relief" and whether the Complaint gives Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Hager*, 735 F.3d at 1014. While Defendant is free to argue in a motion for summary judgment, for example, that Plaintiff's forced transfer to a different shift was a "minor change in working conditions with no reduction in pay or benefits," see *Jones v. Fitzgerald*, 285 F.3d 705, 713 (8th Cir. 2002), such a determination by the Court on a Rule 12(b)(6) Motion is inappropriate. Overall, the Court finds Plaintiff plausibly pleaded that his compensation, terms, conditions, or privileges

---

[2] Absent evidence of direct discrimination, courts apply the *McDonnell Douglas* burden-shifting analysis to claims of employment discrimination under Title VII. *Bharadwaj v. Mid Dakota Clinic*, 954 F.3d 1130, 1134-35 (8th Cir. 2020).

[3] With that said, "elements of the prima facie case are not irrelevant to a plausibility determination in a discrimination suit." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

of employment may have been negatively affected. *Jamerison v. Anthem Ins. Companies, Inc.*, 4:20-cv-1640-MTS, 2022 WL 950861, at *5 (E.D. Mo. Mar. 30, 2022) (explaining an adverse employment action is shown when "compensation, terms, conditions, or privileges of employment were negatively affected").

Finally, Defendant argues Plaintiff failed to plead disparate treatment. Upon review of the Complaint, the Court disagrees because Plaintiff alleged several facts that white employees were treated differently. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013)[4] (reversing district court's denial of a motion to dismiss in an action for discrimination because the plaintiff did "not allege facts showing that similarly situated employees were treated differently").

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [17], is **DENIED**.

Dated this 8th of December, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] In *Hager*, the Eighth Circuit held the district court erred in denying a motion to dismiss plaintiff's discrimination claim where plaintiff made "only two conclusory allegations of gender discrimination: (1) she 'is a victim of gender discrimination;' and (2) she 'was discharged under circumstances summarily [sic] situated nondisabled males . . . were not.'" *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).